**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SARAH WATKINS** | ) |
| **1221 Massachusetts Ave. NW** | ) |
| **Suite 1001** | ) |
| **Washington, DC 20005** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )        **CA # 1:23-cv-3691** |
| | ) |
| **THE PRUDENTIAL INSURANCE** | ) |
| **COMPANY OF AMERICA** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT FOR
DISABILITY BENEFITS UNDER ERISA**

**JURISDICTION AND VENUE**

1.      Plaintiff's claim against Defendant is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2.      Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policy at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3.      Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4.      Plaintiff is a former employee of Bain & Company, Inc. ("Employer"). While employed there, and while covered by the Group Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5.      The Bain & Company, Inc. Health and Welfare Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6.      Bain & Company is the Plan Administrator of the Plan.

7.      The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8.      The Prudential Insurance Company of America ("Prudential") was contracted by the Plan Administrator to act as a fiduciary under the Plan as Claim Administrator.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9.      At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

10.      The Plan Administrator has delegated disability claims administration to the Claim Administrator.

11.      The Employer and Prudential are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12.      The Claim Administrator is responsible for conducting any ERISA mandated claim evaluation and final review rests with Prudential and with no other entity.

2

13. The Claim Administrator, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

14. Prudential is fully responsible for the payment of all claims made under the Plan.

## HISTORY OF THE CLAIM

15. Plaintiff worked for the Employer until she became disabled.

16. At all times relevant the Plaintiff has met the Plan's definition of disability.

17. The Plan provides for lost income benefits.

18. Plaintiff timely gave notice of disability and applied for long-term disability benefits under the Plan.

19. Prudential approved benefits through June 12, 2022.

20. However, on January 4, 2023, the Claim Administrator issued an "Adverse Benefit Decision" on Plaintiff's claim for long-term disability benefits under the Plan, terminating benefits beyond June 12, 2022.

21. Plaintiff filed an appeal of the adverse benefit decision on her long-term disability claim on August 16, 2023.

22. Prudential denied Plaintiff's appeal by way of a letter dated November 27, 2023.

23. The Plaintiff has exhausted the administrative remedies of the Plan.

24. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

25. The Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

26.     The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

### RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1.     No deference be granted to the decision of the Defendants to deny benefits.

2.     That the Plaintiff is entitled to long-term disability benefits under the Plan.

3.      That the Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under The Plan.

4.     That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5.     That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Sarah Watkins*
By Counsel

_____/s/_____
Damon R. Miller | VA170
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com
*Counsel for Plaintiff*